MARY McLEOD
General Counsel
JOHN R. COLEMAN
Deputy General Counsel
LAURA M. HUSSAIN
Assistant General Counsel
BERNARD J. BARRETT JR. (CA Bar No. 165869)
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, D.C. 20552
Telephone: (202) 435-9396
Facsimile: (202) 435-7024
Email:  Bernard.barrett@cfpb.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DEBT CRISIS,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-10048-JAK<br><br>**DEFENDANTS' NOTICE OF LODGING OF MEMORANDUM OF UNDERSTANDING**<br><br>Hearing Held October 26, 2020 |

During the hearing on the pending motion to dismiss, the Court asked the Defendants Consumer Financial Protection Bureau and Kathleen Kraninger to lodge the Memorandum of Understanding with the Department of Education described in 12 U.S.C. §5535(c)(2). Attached as Exhibit to this Notice of Lodging please find the Memorandum of Understanding Between The Bureau of Consumer Financial Protection and The U.S. Department of Education Concerning Coordination in Resolving Borrower Complaints dated January 31, 2020.

DATED: October 27, 2020      Respectfully submitted,

/s/
Bernard J. Barrett Jr. (CA Bar No. 165869)
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, D.C. 20552
Telephone: (202) 435-9396
Facsimile: (202) 435-7024
Bernard.barrett@cfpb.gov

*Counsel for Defendants*

1

Defendants CFPB and Kathleen Kraninger
Notice of Lodging of MOU      Case No. 2:19-cv-10048-JAK

# EXHIBIT

## Memorandum of Understanding Between

## The Bureau of Consumer Financial Protection and

## The U.S. Department of Education

## Concerning Coordination in Resolving Borrower Complaints

### A.     Introduction and Purpose

The U.S. Department of Education (ED) and the Bureau of Consumer Financial Protection (Bureau) enter into this Memorandum of Understanding (MOU).

This MOU sets forth the agreement between the Bureau and ED (the Agencies or the Parties) with respect to sharing, to the extent permitted by applicable privacy laws and regulations, information in connection with their statutory responsibilities. In addition, pursuant to Section 1035 of the Dodd-Frank Wall Street Reform and Consumer Protection Act (the Act), this MOU provides the framework for the Parties' "coordination in providing assistance to and serving borrowers seeking to resolve complaints related to their private education or Federal student loans."

The Bureau enters into this MOU pursuant to its authority under sections 1012 and 1035 of the Consumer Financial Protection Act of 2010, Pub. L. No. 111-203, codified at 12 U.S.C. §§ 5492, 5535. ED enters into this MOU pursuant to its authority under Sections 415 and 419 of the Department of Education Organization Act, Pub. L. No. 96-88, codified at 20 U.S.C. §§ 3475, 3479.

Nothing in this MOU limits or expands either Parties' authorities or responsibilities under their respective statutes regardless of loan type or issue type.

### B.     Complaint Handling

1.     The Bureau and ED shall share complaints from student loan borrowers, or their authorized representatives, with the other Agency to the extent permitted by applicable privacy laws and regulations. The Bureau will provide ED with at least 60 days' notice before these sharing processes shall commence.

2.     The Bureau will direct borrowers attempting to submit via the Bureau's website complaints about the origination of loans made, insured, or guaranteed under Title IV of the Higher Education Act of 1965, as amended (Title IV loans), to contact ED. The Bureau will provide such complaints submitted through this and other channels to ED and direct borrowers with such complaints to contact ED regarding those complaints.

3.     ED will direct borrowers attempting to submit via ED's website complaints related to their private education loans, as defined in section 140 of the Truth in Lending Act, as amended, codified at 15 U.S.C. § 1650(a)(8), to contact the Bureau. ED will provide such complaints submitted through this and other channels to the Bureau and direct borrowers with such complaints to contact the Bureau regarding those complaints.

4.       The Bureau will accept complaints related to private education loans and the servicing of Title IV loans and process those complaints in the ordinary course, including providing the complaints to the servicers and providing the servicers' response to the borrower, in accordance with 12 U.S.C. § 5534. ED will have near real-time access to complaints regarding Title IV loans as contemplated in section D (Sharing of Data Analytics). For any complaints concerning both Title IV loans and private education loans, the Agency receiving the complaint shall share the complaint with the other Agency. The Agencies shall work to determine an efficient process to discuss and track such complaints and collaborate, where possible, to attempt to resolve the complaint in compliance with the statutory requirements of 12 U.S.C. § 5535 and 20 U.S.C. § 1018(f).

   a. Responsibilities by issue type: for complaints regarding Federal loans with program issues, ED is responsible for program issue resolution, attempting to resolve such complaints, and as appropriate, will discuss such issues with the Bureau regarding the impact, if any, on Federal consumer financial laws. For complaints regarding Federal loans with Federal consumer financial law issues, ED will collaborate with the Bureau and the Bureau is responsible for providing ED with expertise, analysis, and recommendations regarding resolution consistent with Federal consumer financial laws; ED is responsible for attempting to resolve informally such complaints, in accordance with 20 U.S.C. § 1018(f)(3)(A), with the Bureau's input. For complaints regarding private loans with Federal consumer financial law issues, the Bureau is responsible for attempting to resolve informally such complaints, in accordance with 12 U.S.C. § 5535(c)(1), and as appropriate, will discuss issues with ED regarding products offered by, or on the premises of, Institutions of Higher Education or other issues that may impact Federal programs overseen by ED.

5.       The Agencies shall meet with one another at least quarterly to discuss observations about the nature of complaints received, characteristics of borrowers, and available information about resolution of complaints, as well as analysis and recommendations. The Agencies shall work to ensure the agencies understand the respective reporting categories and definitions and how they relate to each other for comparison.

6.       Each Agency shall provide complaint data in a secure, digital format. The Agencies shall work to determine an efficient, secure, and legally compliant process to provide complaint data.

## C.    Permissible Uses and Confidentiality of Exchanged Information

1.       An Agency that receives nonpublic information pursuant to this MOU will use that information only for purposes authorized by law and as agreed upon by the Parties.

2.       Except as with regard to complaints provided under Sections B.2 and B.3, all nonpublic information shared pursuant to this MOU belongs to and will remain the record or property of the providing Agency.

3.       The Agencies will not share nonpublic information received pursuant to this MOU with a third party, unless required by law or otherwise specified in this MOU, without notice to and the written permission of the sharing Agency. If an Agency receives a legally enforceable request, demand, or order for nonpublic information shared under this MOU:

      a.      To the extent permitted by law, the Agency receiving a legally enforceable request, demand, or order for nonpublic information will provide notice to the sharing Agency of such a request, demand, or order as promptly as is reasonably possible; consult with the sharing Agency on the response before complying with the request, demand, or order; and request written permission to share the information and such permission shall not be unreasonably withheld.

      b.      To the extent permitted by law, the sharing Agency will have a reasonable opportunity to contest the legality of and/or respond to any such request, demand, or order.

      c.      The Agency will assert any reasonable and appropriate legal exemption or privilege available under applicable law to protect shared nonpublic information from public disclosure.

      d.      Nothing in this MOU shall prevent the Agency from complying with a legally valid or enforceable order of a court of competent jurisdiction, or, if compliance is deemed compulsory, a request or demand from a duly authorized committee of the United States Senate or House of Representatives. If the sharing Agency reasonably disagrees that the information must be shared, then the sharing Agency must undertake reasonable and appropriate action to obtain a final determination regarding whether compliance is compulsory.

      f.      The Agency shall use best efforts to ensure that the requestor secures an appropriate protective order or, if the requestor is a legislative body, use best efforts to obtain the commitment or agreement of the legislative body that it will maintain the confidentiality of the nonpublic information.

4.      An Agency that receives nonpublic information pursuant to this MOU agrees to establish and maintain such safeguards as are necessary and appropriate to protect the confidentiality of the Nonpublic Information that may be shared, as well as any derived information. These safeguards include:

      a.      Restricting access to the nonpublic information to only those of its officers, employees, and contractors who have a need for such information to carry out the receiving Agency's responsibilities under applicable law;

      b.      Informing those persons who are provided access to the nonpublic information of their responsibilities under this MOU; and

      c.      Ensuring that the nonpublic information is protected in accordance with the standards applicable to Federal agencies for protection of the privacy and confidentiality of personally identifiable information and for data security and integrity.

5.      All information shared pursuant to this MOU will be disclosed subject to applicable laws, regulations, and policies, including but not limited to, the Privacy Act of 1974, 5 U.S.C. § 552a, the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, the Trade Secrets Act, 18 U.S.C. § 1905, the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and the Bureau's confidentiality rules at 12 CFR part 1070.6.

6.      The Parties agree that the exchange of information pursuant to the MOU is not intended to constitute public disclosure and is not intended to constitute a waiver of any applicable privileges, nor is such exchange intended to waive any provision of any applicable law. The Parties expressly reserve all evidentiary privileges and immunities applicable to the information shared under this MOU.

### D. Sharing of Data Analytics

1. The Bureau is currently developing capabilities to share complaint analytical tools via its secure Government Portal. This functionality aims to provide government users with search functionality similar to that used by Bureau staff to enhance data sharing and coordination efforts.

2. The Bureau will make its tools available to ED via the secure Government Portal, subject to the terms of Section C and any applicable confidentiality and data security agreements.

### E. General Terms

1. This MOU is effective upon the signatures by representatives of the Parties and remains effective until thirty days after either Party provides written notice to the other Party of its intent to terminate the MOU.

2. In the event this MOU is terminated, information exchanges pursuant to this MOU shall continue to be treated in accordance with any conditions imposed by the Party providing the information, unless such conditions are waived or altered by the Party providing the information.

3. The Parties to the MOU may from time to time amend this MOU in writing, and such amendments when executed by the Parties shall then become a part of the MOU.

4. This MOU may be executed in separate counterparts, each of which when executed and delivered shall be deemed an original, and all of which taken together shall constitute one and the same MOU.

5. This MOU does not transfer funds between the Parties or commit the Parties to transfer funds. Each Party shall bear its own costs of complying with this MOU. In the event funds must be transferred between the Parties for any purpose, such transfer shall be accomplished by a separate interagency agreement.

6. Attachment A to this agreement includes the name, office, and contact information, including addresses and telephone and fax numbers, for the appropriate official(s) to contact for purposes of notices and exchanges of information. This contact information will be updated as appropriate.

FOR THE BUREAU OF CONSUMER FINANCIAL PROTECTION

By _Robert G. Cameron_

Title _Private Education Loan Ombudsman_

Date _1/31/2020_

4

FOR THE U.S. DEPARTMENT OF EDUCATION

By _Mark Brown_

Title _Chief Operating Officer, FSA_

Date _1/31/2020_

By _Joyce DeMoss_

Title _Ombudsman, FSA_

Date _1/31/2020_

**ATTACHMENT A**

For the purposes of notices and exchanges, please contact:

**Consumer Financial Protection Bureau**

Jocelyn Sutton

Office of the Executive Secretary

Phone: 202-435-9461 Fax: 202-435-7329

Jocelyn.Sutton@cfpb.gov

Please also copy the following:

Robert.Cameron@cfpb.gov

and

CFPB_StakeholderServices@cfpb.gov

**Department of Education**

Joyce DeMoss

FSA Ombudsman

Phone: (202) 377-3881

Joyce.DeMoss@ed.gov

Please also copy the following distribution list:

FSAEngineRoom@ed.gov